98  459
s105 473
98  459
119 491
e119 882

## BERRY *v.* SHANNON.

1. Where an animal which could be of no use or value except for a particular purpose was bought upon a warranty by the seller that it was serviceable for that purpose, and at the time of the sale it was in fact either partially or totally worthless in that regard, the buyer, in an action against him for the price, was entitled to an abatement of the purchase money equal to the difference between the agreed price and the actual value, as reduced by the defective quality of the animal.

2. This is true whether, in disposing of the animal to a third person, the buyer lost anything or not. What he realized is of no consequence, except as to its evidentiary bearing upon the question of value.

3. The court erred in refusing to allow the defendant to introduce evidence to support his defense, and in directing a verdict for the plaintiff.

May 19, 1896. Argued at the last term.

Complaint on notes. Before Judge Harris. City court of Floyd county. March term, 1895.

*Wright & Hamilton* and *C. Rowell*, for plaintiff in error.
*C. A. Thornwell*, contra.

LUMPKIN, Justice.

Shannon brought an action against Berry upon two promissory notes for $337 and $338, respectively. The defense was that these notes were given for the price of a jackass, which the seller expressly warranted to be suitable for the principal purpose for which an animal of this character can be made serviceable. It appeared from the defendant's evidence, that the animal was not suitable for this purpose, and therefore was worth considerably less than he would have been had he come up to the warranty, but that nevertheless he had sold the animal to a third person for the sum of $650. At this stage of the proceedings, and without allowing the defendant to submit other evidence material to his defense, the court took the case in hand and directed a verdict in favor of the plaintiff for $650, holding that in any event the plaintiff was entitled to recover as

much as the defendant had realized upon a sale of the animal.

We have no doubt at all that this was error. The purchaser was entitled to have just such an animal as he contracted for, and the seller was bound to make good his warranty; and upon the failure of the latter to do so, he must suffer an abatement of the price, because of the breach of his covenant. The question is really free from difficulty, and has practically been settled by the decision of this court in *Atkins & Co.* v. *Cobb*, 56 *Ga.* 86. The 7th head-note in that case reads as follows: "The abatement of the purchase money for goods sold with warranty of quality, express or implied, should be equal, at least, to the difference between the agreed price and actual value as reduced by defective quality. Purchasers are entitled to this abatement whether, in disposing of the goods, they lost anything or not. What they realized is of no consequence, except as it may tend to illustrate the question of value." And see the comments of Judge Bleckley on pages 90-91. This decision is well supported by the authorities, a few of which we will notice. In 2 Sedg. Dam. 474, 475, we find the following: "It results from the general rule, that it is erroneous, in an action on a note given for the price of a chattel, for the court to charge the jury that, although they should find the covenant to have been broken, if at the time of the sale the chattel in its unsound state was worth the price for which it was sold, the defendant had sustained no damage. Nor is the rule affected by proof that the purchaser afterwards sold the property for as much as or more than he paid for it. Where the property at the time of the sale had no market value, and it is impossible to get at its real value at that time if it had been as warranted, the price paid may be taken to represent that value. And it is sometimes said generally that the price at which the property was sold is evidence of its value at that time as if warranted. Where, in an action for damages for a breach of warranty, the con-

sideration given for the warranted article consisted in another article which was exchanged for it, evidence of the value of the exchanged property will be allowed, as tending to show what the value of the other would have been if it had corresponded with the warranty. The price realized on a second sale is admissible as one mode of determining the value." The author cites in support of his text our case in 56 *Ga., supra,* and also Hunt *v.* VanDeusen, 42 Hun, 392, and Brown *v.* Bigelow, 10 Allen 242, both precisely in point. In the case last cited it was held that: "The rule of law that the measure of damages in an action for breach of warranty on the sale of a chattel is the difference between the actual value of the article sold and its value if it had been as warranted, is not affected by proof that the purchaser subsequently resold it for an increased price, especially if it does not appear that such sale by him was without warranty." And see 2 Benj. Sales (Corbin's ed.), 1160, 1161; Thornton *v.* Thompson, 4 Gratt. 121; Brock *v.* Clark (Vt.), 15 Atl. 175.

The decision of this court in *Henry* v. *Central Railroad & Banking Company,* 89 *Ga.* 815, does not conflict with the law as here laid down. That was an action of tort in which the plaintiff's right to damages was predicated upon the negligence of the carrier. It had made no express covenant or warranty of any kind to deliver the plaintiff's meat in any given condition, but was simply under a statutory duty of taking the proper care of the meat and delivering it to the plaintiff within a reasonable time. It was accordingly held that if the plaintiff, notwithstanding the damaged condition of a portion of the meat, by a sale of the same protected himself from actual loss, he could not recover from the railroad company because of its damaged condition. That case, therefore, stands upon an obviously different footing from that of the case at bar.

*Judgment reversed.*