## 8307. SMITH BROTHERS v. WEBB & MAURY.

WADE, C. J. 1. It is insisted in the brief of counsel for the plaintiff in error that the refusal by the court to give to the jury the instructions set forth in the 3d and 4th grounds of the motion for a new trial presented for the consideration of this court but the one question of law. whether it was error for the judge to refuse to charge the law as to implied warranty, after having charged the law as to the express condition in the contract that the corn chops sold "must be dry." "When the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them; and if it contains an express warranty of certain qualities in the article sold, an implied warranty of other qualities is excluded." *Holcomb* v. *Cable Co.*, 119 *Ga.* 466 (2) (46 S. E. 671) ; *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (48 S. E. 143). To instruct·the jury as to the law of express warranty is not reversible error, where the purchaser relies also on an implied warranty merely coextensive with the express warranty as set up by the answer of the defendant and by his evidence. The requests presented were covered substantially by the charge .given, which stated the contentions of the defendants as set forth in the contract between the parties and in the plea of the defendants.

2. There is no merit in the other assignments of error as to the refusal by the court to give certain requested instructions to the jury. The requested instructions presented theories of defense substantially covered by the charge given; and some of them were argumentative and tended to confuse the jury as to the precise issues for determination.

3. The court did not err. in declining to permit one of the defendants to testify, in explanation of the delay in inspecting the articles sold upon their arrival at destination, that the defendants held at that time a demand against the ‿plaintiffs, growing out of a former shipment under the same contract, and that the delay in inspecting the shipment which was the basis of the pending suit, until an adjustment of existing conditions had been reached, was for that· reason not unreasonable.

4. The court did not err in charging the jury as follows: "It was the duty of Smith Brothers, upon the arrival of the carload of chops at Augusta, to promptly inspect the same and either accept or reject them, and if they delayed the inspection of the chops for an unreasonable length of time, that in law would amount to an acceptance, and if you find that the defendants, Smith Brothers, delayed for an unreasonable length of time in accepting the chops after their arrival in Augusta, then they would be liable to plaintiffs for such damages as they suffered by reason of the rejection of the chops." This charge did not· exclude from the consideration of the jury the question whether the merchandise sold was, at the time of its arrival in Augusta, in the condition specified in the contract or purchase; nor did it, when considered with the entire charge, unfairly present the issue therein referred to.

5. The amount claimed in the suit was $241.14. The verdict was for $247.14. The only witness for the plaintiffs testified definitely and positively that "the amount that plaintiffs were damaged by Smith Brothers refusing to comply with the contract, and in rejecting the car of corn chops, was $206.12." Since the evidence only authorized a recovery for $206.12 (although the exhibit attached to the interrogatories of the plaintiffs' only witness apparently warranted a recovery for a much larger amount), the judgment refusing the motion for a new trial is affirmed, with the condition that the plaintiffs write off, within ten days from the time the remittitur is received by the lower court from this court, the sum of $41.02 principal, so that the judgment shall be for $206.12 principal, besides interest from the date of its rendition, June 14, 1916, at seven per cent. per annum; or otherwise that the judgment be reversed and a new trial granted.

*Judgment affirmed on condition. George and Luke, JJ., concur.*

DECIDED JUNE 18, 1917.

Action for breach of contract; from Richmond superior court—Judge Henry C. Hammond. July 15, 1916.

*Callaway & Howard,* for plaintiffs in error.

*A. R. Williamson, C. H. & R. S. Cohen,* contra.