8900.   OUTLAW *v.* PARK LIVE STOCK COMPANY.

The court did not err in rejecting the oral testimony offered to vary the
terms of the written contract which was the basis of the suit; or in
striking the amended plea which set up fraud in the procurement of
the note.

            DECIDED AUGUST 3, 1917.

Trover; from city court of Nashville—Judge Christian.   Feb-
ruary 13, 1917.

*W. D. Buie,* for plaintiff in error.   *H. L. Jackson,* contra.

BROYLES, P. J.   This was a suit in trover, based upon a promis-
sory note given for the purchase price of a mule.   A plea of failure
of consideration, based on fraud in the procurement of the note,
was filed.   While the general rule is well settled, that fraud in the
procurement of a contract renders it invalid, yet in a suit where
the basis of recovery is a promissory note given for the purchase
price of a mule, and it is recited in the instrument that the pur-

chaser bought the animal "after a full inspection of the same, which I have received in good order," and "I have purchased the said described property on my own judgment, and without any warranty express or implied and without any representations whatever, which are not fully set forth in this note," and the only representations in the note, as to the mule, were that it was "one black mare mule about six years old, about 15 hands high, weight 1084 lbs., fresh shipped," a plea setting up fraud in the procurement of the note, which does not allege that such representations were untrue, but which in substance states that the fraud consisted of express false representations by the seller, made at the time of the sale, and known by him at the time to be untrue, that the animal was sound and healthy, was not a good plea in law, since it was expressly stipulated in the written contract, signed by the purchaser, that no express or implied warranties or representations as to the animal sold thereunder were made. There was no allegation in the plea that any trick or artifice had been employed to induce the defendant to sign the note. This written contract was therefore a valid one and binding on the purchaser, and it was not error for the court to repel oral evidence, offered by the defendant, which varied and contradicted its plain, unambiguous terms. Nor was it error for the court to strike the entire amended plea of the defendant, on the ground that under the note which was the foundation of the suit it could not be sustained.

In *Mizell Live Stock Co.* v. *Banks,* 10 *Ga. App.* 362 (73 S. E. 410), relied on by counsel for the plaintiff in error, the written contract itself, as construed by this court, contained an express warranty that the animal in that case was "about eight years old," and the plea of the defendant alleged that in reality the animal was from fifteen to sixteen years of age; and it was there held that the plea of fraud in the procurement of the note was accordingly good. It was distinctly held in that case, however, that under the written contract, "except as to the fact that the mare was about eight years old, every other express warranty as to its kind or quality was excluded, as well as all implied warranties as to the soundness of the horse, etc."

*Judgment affirmed.   Jenkins and Bloodworth, JJ., concur.*