12461. LONG *et al. v.* FARMERS HARDWARE COMPANY.

Grounds of a motion for a new trial excepting to the exclusion of testimony but not showing why it was excluded and not stating why its exclusion was error are not in proper form for consideration.

The court did not err in rejecting the oral testimony offered to vary the terms of a written contract which was the basis of the suit.

                    DECIDED NOVEMBER 18, 1921.

Complaint; from city court of Miller county — Judge Geer. April 16, 1921.

*N. L. Stapleton,* for plaintiffs in error.

*P. D. Rich,* contra.

BLOODWORTH, J. This was a suit on two promissory notes, one for $316.62 and the other for $51.44. At the trial the two notes were introduced in evidence, and, after repelling certain evidence offered by the defendant, the court directed a verdict for the plaintiff. The defendant filed a motion for new trial, which was overruled, and he excepted.

Two of the special grounds of the motion for a new trial complain of the rejection of evidence, but neither of them gives the reason why it was excluded nor points out why its exclusion was error. Therefore these grounds are not in proper form for consideration by this court. *Summerlin* v. *State,* 25 *Ga. App.* 563 (1b) (103 S. E. 832). See also *Central of Georgia Ry. Co.* v. *Jaques,* 23 *Ga. App.* 396 (2) (98 S. E. 357) ; *Steed* v. *Cruse,* 70 *Ga.* 168 (4). However, the exclusion of this evidence was not error, because: (a) The effect of the evidence embodied in the first of these special grounds would be to vary the terms of the written contract which is the basis of the suit, and this evidence was properly excluded from the consideration of the jury. The terms of the note are practically the same as those in the note sued on in *Outlaw* v. *Park Live Stock Co.,* 20 *Ga. App.* 776 (93 S. E. 310), and the ruling in that case, that "the court did not err

in rejecting the oral testimony offered to vary the terms of a written contract which was the basis of the suit," is controlling here. (*b*) The court properly ruled out the evidence copied in the second of these special grounds. The plea alleged that the note for $51.44 was "for the difference between the small battery which belonged to the above stated outfit (for which the larger note was given) and a larger battery which defendant desired." The evidence showed that "the battery that was put in the store was too small for that purpose, and the plaintiff took it out and installed a new battery, and this note was given for the new battery." There is no insistence that this new battery was not exactly what the defendant desired or was defective in any way.

After the foregoing evidence was ruled out, there was nothing left upon which to base a verdict for the defendant, and the court did not err in directing a verdict for the plaintiff, nor in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*