## 14264.   COFFEE *v.* WORSHAM & WEAVER.

1. A breach of warranty, express or implied, in the sale of personalty, gives the purchaser the right to damages (Civil Code of 1910, § 4136), the measure of which is the difference between the contract price and the actual value of the goods at the time and place of delivery. *Oxford Knitting Mills* v. *Wooldridge,* 6 *Ga. App.* 301 (1) (64 S. E. 1008); *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (5) (46 S. E. 657); *Springer* v. *Indianapolis Brewing Co.,* 126 *Ga.* 321 (2) (55 S. E. 53).

2. But, in order that a recovery may be had for a breach of warranty, damage and the amount thereof resulting from the breach must be shown, and the burden of proof is upon the purchaser. *Brooks* v. *Camak,* 130 *Ga.* 213 (1) (60 S. E. 456). Such a burden is not in any case discharged unless some data is furnished by which the jury may determine the extent of the damage or failure of consideration. *Hornsby* v. *Butts,* 85 *Ga.* 694 (11 S. E. 846); *Otis* v. *Holmes,* 109 *Ga.* 775 (2) (35 S. E. 119); *Myers* v. *Philip Carey Co.,* 17 *Ga. App.* 535 (2) (87 S. E. 825); *Clegg-Ray Co.* v. *Indiana Scale Co.,* 125 *Ga.* 558 (54 S. E. 538). The proof must be such "that the jury may calculate the amount from the figures furnished, and will not be placed in the position where their allowance of any sum would be mere guesswork." *National Refrigerator Co.* v. *Parmalee,* 9 *Ga. App.* 725 (1), 726 (72 S. E. 191).

3. Applying the above-stated principles to the facts of the instant case, the evidence was insufficient to sustain the defendant's plea; and the verdict for the plaintiff was demanded. It follows that any errors in the charge of the court or in the admission or rejection of evidence, none of which related to the extent of the defendant's damage, were harmless and immaterial. The defendant's motion for a new trial was properly overruled.

DECIDED OCTOBER 11, 1923.

Complaint; from city court of Valdosta—Judge Little. December 15, 1922.

Worsham & Weaver, a partnership, sued J. P. Coffee upon a promissory note for $394.51 principal, besides interest and attorney's fees. The defendant pleaded that the note was one of a series of five promissory notes executed and delivered to the plaintiffs as the purchase-price of a Monarch caterpillar tractor and one Oliver disc-plow, the other four notes being for $500 each, representing the purchase-price of the tractor, and the note sued on representing the price of the plow; and that the defendant, having previously paid the notes for the tractor, in the hands of an innocent holder, was entitled to recoup against the plaintiff for damages resulting from a breach of warranties in respect to the tractor. It was alleged that the tractor was warranted to operate "at a speed of 3 miles per hour, pulling said plow, and

would plow from 10 to 12 acres per day, operating on a 10-hour day, and would consume from 15 to 20 gallons of gas per day (ten hours) ;" and that the tractor fell wofully short of the warranty in each of these particulars, with resulting damage to the defendant in the sum of $1,200.

It was also pleaded that, "as a part and parcel of said contract of purchase and sale, plaintiffs promised the defendant to establish an agency at Valdosta, carrying all the repair parts for said tractor, and that they would keep a service man in the Valdosta territory; all of said promises and warranties having been made by the plaintiffs to the defendant as a part and parcel of the contract for purchase and sale, whereby the defendant purchased from the plaintiffs said tractor, and said promises and warranties were a part and parcel of said contract;" that this promise was breached, and that "the defendant, when his said tractor broke down, was unable to use the same for more than 30 days, and at two other times for more than three weeks, being unable to secure the repair parts so that said tractor could be repaired and put in shape to operate. The defendant was thereby injured and damaged in the sum of not less than $300." There were no demurrers. The defendant admitted a prima facie case in the plaintiffs, and assumed the burden. The verdict was for the plaintiff. The defendant excepted to the overruling of his motion for a new trial.

*Dan R. Bruce,* for plaintiff in error.

*Patterson & Copeland,* contra.

BELL, J. (After stating the foregoing facts.) We think that the evidence demanded the verdict, and that the result would not have been different if all the rulings and charges had been as the plaintiff in error would have had them.

Dealing first with the covenant of the seller to establish at Valdosta an agency carrying parts, and to keep a service man in that territory, so that the tractor might be kept in running order conveniently and without delay, there was sufficient proof that this promise was both made and breached, but not a scintilla of evidence as to what was the extent of the resulting damage. No witness testified in regard to the value of any lost time. Nor did the jury have before them any other data from which they might determine what loss was sustained. The allegation in the answer, of damage from this cause in the sum of $300, is all that is shown in the

record on the point, and it is needless to say that the plea is not evidence.

Again, the record is nearly but not quite as barren on the question of damages arising from the warranty of a certain standard of performance by the tractor, taking it as proven without doubt that the warranty was made and breached as claimed. The measure of the resulting damage would be the difference between the contract price of the tractor, $2,000, and its actual value at the time and place of delivery. There is no evidence whatever of its actual value at any time, unless in the testimony of the defendant that he sold this property at a valuation of $500 with some other property for the aggregate sum of $4,500. He bought the tractor in December, 1919. The date of the trial was October 12, 1921. He testified: "I have sold this tractor to Bob Dasher and delivered it to him. I sold the tractor with eight or nine mules [with some other property] for $4,500. I think the tractor was valued at $500." He elsewhere testified: "I have not done anything with the tractor since I put it away in March, 1920."

Whether he sold it shortly before the trial nearly two years after he had bought it, or soon after he "put it away" in March, 1920, is not shown by the record. Was this any evidence of the extent to which the value of the tractor was lessened at the time of the sale by reason of the breach of the warranty? It was said by the Supreme Court in the case of *Watson* v. *Loughran,* 112 *Ga.* 841 (2): "While the cost of property may be considered, in connection with other facts, in determining its value, evidence of its cost, without more, is not sufficient proof of its market value." Assuming (but not deciding) that notwithstanding the plaintiffs were not parties to the resale, the testimony here considered was some evidence against them of the value of the tractor at the time the defendant sold it, we do not think that, standing alone, it constituted any sufficient proof of the actual value of the tractor when he bought it from the plaintiffs, especially since the date and circumstances of the resale are not stated. During the lapse of time other causes than a breach of the warranty may have entered into its depreciation in value, and probably did. It is common knowledge that a vehicle, when sold as second-hand, usually goes, on this account alone, at a somewhat abated price. There are also market

fluctuations, even though they may be not acute as to this kind of article.

Furthermore, in determining to what extent its value would be lessened by reason of a breach of the warranty, it would be pertinent to know something of the value of gasoline, of which it is claimed the tractor consumed more than it was represented to do. Again, if it would not plow as many acres per day as it was warranted to plow, what would be the difference in the value of its service ? It is not a sufficient answer to suppose that the jurors may have been acquainted with these matters. Evidence is not sufficient in any case which must depend upon the private information of the jurors. "Where a party sues for specific damages, he has the burden of showing the amount of the loss, and of showing it in such a way that the jury may calculate the amount from the figures furnished, and will not be placed in the position where their allowance of any sum would be mere guesswork." *National Refrigerator Co.* v. *Parmalee,* supra.

Where there has been a breach of warranty in the sale of personalty, "the measure of damages is ordinarily the difference between the value of the goods ordered and those delivered, at the time and place of the delivery. The amount which the plaintiff would be entitled to recover is not affected by the subsequent rise or decline in prices of those ordered, or of those delivered; nor is it changed by the fact that the plaintiff subsequently resold at an increased or decreased price. Compare *Berry* v. *Shannon,* 98 *Ga.* 461. Often in fact and always in theory the party who is damaged by such breach of a warranty of personal property can resell on the same day, or he can retain the goods at that day's market price, and the difference thus calculated represents his actual loss, as well as the measure of legal damage. If the goods thus retained decline in value, the amount he is entitled to recover is not increased; if the goods advance, the defendant's liability is not lessened. The rights and liabilities of each are fixed on that day, and subsequent changes in the value of the goods ordered or delivered are wholly immaterial." *Americus Grocery Co.* v. *Brackett,* supra. What the defendant in the resale "realized is of no consequence except as to its evidentiary bearing upon the question of value." *Berry* v. *Shannon,* supra. Even if the price received in the resale is an evidentiary circumstance upon the question of value, it must be held

wholly insufficient to establish the value of the tractor at the time of its purchase from the plaintiffs, when, for aught that is shown in the record, the resale may have occurred as much as twenty-two months thereafter, with also a complete silence in regard to its circumstances. See also *Allen* v. *Harris,* 113 *Ga.* 107 (4) (38 S. E. 322) ; *Southern Ry. Co.* v. *Williams,* 113 *Ga.* 335 (1) (38 S. E. 744) ; *Elder* v. *Woodruff,* 9 *Ga. App.* 484, 486 (71 S. E. 806). Nothing here said is in conflict with any part of the decision of this court in *Lott* v. *Banks,* 21 *Ga. App.* 246 (94 S. E. 322).

With the exception of the single statement that at some time between March, 1920, and October 12, 1921, the defendant sold the tractor at a valuation of $500, there is no evidence in the record of the value of anything whatsoever which would be pertinent to the issue here involved. We conclude that the defendant did not successfully carry his burden of giving to the jury some data by which they could estimate with reasonable certainty the extent of the damage resulting from the breach of the plaintiffs' warranties. See, on this question, in addition to the authorities cited in the head-notes: *Thompson Oil Mill Co.* v. *Murray,* 19 *Ga. App.* 137, 139 (91 S. E. 217) ; *Consolidated Phosphate Co.* v. *Sturtevant,* 20 *Ga. App.* 474 (5), 479 (93 S. E. 155) ; *Spence Drug Co.* v. *American Soda Co.,* 11 *Ga. App.* 473, 477 (75 S. E. 817) ; *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (1) (54 S. E. 806) ; *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (3) (73 S. E. 412) ; *Brown Shoe Co.* v. *Crosby,* 30 *Ga. App.* 534 (118 S. E. 446).

In the motion for a new trial there is an assignment of error upon the exclusion of certain evidence, but this did not in any wise appertain to value; and if it had been admitted, the result could not have been different. Various excerpts from the charge are also complained of, as well as other rulings upon the admission of evidence; but, inasmuch as the verdict was demanded by the evidence, and would still have been demanded if no evidence had been excluded, all errors upon the trial, even if committed as alleged, were harmless and immaterial. No other result could legally have been reached under the record, and the court was right in overruling the motion of the defendant for a new trial.

We will qualify the statement that no other result could legally have been reached, by observing that this will apply only to the defendant. The jury did allow an offset of approximately $100,

This, under the evidence, was unauthorized. But the plaintiff is not complaining.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*