### 15133.    WEST *v.* MILLER *et al.*

BELL, J.   1. In case of a sale of a chattel, where the parties have reduced to writing what appears to be a complete and valid contract of sale, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire agreement, and parol evidence of prior or contemporaneous representations, statements or agreements in regard to the subject-matter is inadmissible to add to, take from, or vary the written instrument. *Bullard* v. *Brewer*, 118 *Ga.* 918

(45 S. E. 711); *Bond* v. *Perrin*, 145 *Ga.* 200 (1) (88 S. E. 954); s. c. 18 *Ga. App.* 179; *Pryor* v. *Ludden & Bates*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Reeves Tractor Co.* v. *Barrow*, 30 *Ga. App.* 420 (118 S. E. 456).

2. The instrument sued on in this case purports to show upon its face *all of the terms* of a valid contract of sale of personalty, and it was not permissible, in the absence of fraud, accident, or mistake, for the defendant vendees to plead or prove the breach of a contemporaneous express warranty not in writing. The court erred in overruling the motion to strike that portion of the plea set out in the statement of facts, and in allowing evidence in support thereof.

3. The defendants did not plead the breach of an implied warranty, and the court committed error against the plaintiff in submitting that defense, as was done in the following charge: "If you decide the mule was not reasonably suited for the purpose for which it was intended, it would be your duty to find for the defendant. If you decide that the mule was reasonably suited for the purpose for which it was intended, it would be your duty to find for the plaintiff." Even assuming that the plea was good, and that this charge was intended to submit only the defense pleaded,—that is, the breach of an express warranty, which, if not in violation of the parol evidence rule, might, of course, be in the same terms as the implied warranty of the law,—the charge still would be error, for the reason that it assumed the existence of the express agreement, and also that any failure of consideration, regardless of extent, would defeat the remainder of the note.

4. Even if the plea had been proper and no error had been committed in the trial, a new trial should have been granted because there was no evidence of the extent to which the consideration had failed. The fixed purchase price of the two mules was $250. From the defendants' evidence the jury would have been authorized to infer that the mule complained about was not worth at the time of the sale more than $40 or $50. There was no proof, however, of what should have been its value if it had not been possessed of the defects alleged. There would be no presumption that the two mules were of equal value, and proof of the purchase price of both together would be no sufficiently definite evidence of the cost or value of one of them. Thus the jury were not furnished with any data by which they could properly determine the extent of the failure of consideration. It follows that in no view of the case was there any evidence to support a finding in favor of the defendants. *Brown Shoe Co.* v. *Crosby*, 30 *Ga. App.* 534 (5) (118 S. E. 446 (5)); *Coffee* v. *Worsham*, 31 *Ga. App.* 62 (119 S. E. 665); *Kiser Co.* v. *Branan*, 31 *Ga. App.* 241 (1) (120 S. E. 427); *Brenard Mfg. Co.* v. *Winn-Wilkes Drug Co.*, 31 *Ga. App.* 200 (1) (120 S. E. 446).

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

> DECIDED APRIL 24, 1924.

Attachment; from city court of Greensboro—Judge Fisher. October 15, 1923.

Ute West sued A. R. Miller and William McClure for the bal-

ance of the purchase-money of two mules, upon the following instrument:

"Georgia, Green Co.,

"Buckhead, Ga., April 11, 1922.

"$250.00. On the 12th day of April, 1922, I promise to pay to Ute West, or order, two hundred and fifty & no/100 dollars, value received, with interest from date at rate of 8 per cent. per annum, and all cost of collection, including 10 per cent. attorney's fees, if collected by suit. This note is given for the purchase-money of following property, to wit: One light bay mare mule about 9 years old name Beck, one dark bay mare mule about 11 years old name Bell. The above note is to be paid $50 per month, beginning May 1, 1922, and [on] failure to meet any one payment the full amount becomes due and collectible. The title to which remains in the payee hereof until this note with interest and attorney's fees are paid in full. This note is absolute and binding on me, whether above-described property dies or is otherwise destroyed, I agreeing and covenanting to pay to said payee the full amount expressed in this note, in any and all events. Against this note, all homestead and exemption rights allowed me and my family under the laws of this State, or the United States, are hereby waived.

"Witness my hand and seal this 11 day of April, 1922.

(Signed) "A. R. Miller (L. S.).

"Wm. McClure (L. S.).

"Signed, sealed, and delivered in presence of:

"C. M. Davis, Com. N. P. of Morgan Co., Ga."

The defendants pleaded that they did not owe the plaintiff "any sum, for the reason that the mule Bell, referred to in the note, was affected with the rheumatism or some other trouble which causes lameness, and was lame in the feet and shoulders, and at times could not walk, and was wholly unfitted for the purpose of hauling and general sawmilling, for which the mule was bought, as was well known to petitioner at the time the mule was sold. When the mule was delivered by petitioner to defendants the mule showed a peculiar gait in its walk, and defendants called attention of petitioner to the same. Petitioner then and there assured the defendants that the mule had a 'proud walk,' and this alone accounted for the peculiar gait. Defendants then said that they bought the

mule wholly upon the word of petitioner that the mule was sound, and petitioner stated that the mule was sound and he guaranteed it to be sound, and sold it on such representations and warranty. The mule was not sound as stated, and has been from time to time lame and worthless to defendants. Defendants endeavored to get the mule in good condition, and have failed. They paid the money already paid because one mule was sound and all right. When the last payment was made, defendant McClure stated that the Bell mule was unsound and he desired a settlement or reduction for her, and paid the money with such understanding, and not as a confirmation of her condition. Defendants say that the money paid is the full worth of the mules, and they are due nothing further."

The plaintiff made a motion to strike the plea, upon the ground that it sought to set up a parol agreement at variance with the terms of the written contract. This motion was overruled, and exceptions were preserved. On the trial a verdict was found for the defendants. The plaintiff assigns error upon the refusal of his motion for a new trial. In the motion it is alleged that the court erred in admitting certain evidence in support of the plea, in charging the jury as shown in paragraph 3 of the syllabus, and in failing, without request, to instruct the jury that "the note sued on . . is a valid, subsisting, plain unambiguous written contract, and it is your duty to find for the plaintiff."

*M. C. Few,* for plaintiff. *J. G. Faust,* for defendants.