16201. CLEVELAND & SONS *v.* EVANS.

BELL, J. 1. After acceptance of goods purchased, the presumption is that they are of the quality ordered, and the burden is on the buyer to prove the contrary. Civil Code (1910), § 4137.

2. In this action by the purchaser against the sellers to recover damages for an alleged breach of an implied warranty in the sale of personalty, the evidence did not *demand* the inference that the property was wholly worthless as alleged, nor did it furnish such data as *required* a finding in the plaintiff's favor for a larger amount than that awarded, as for a partial failure of consideration. In these circumstances it can not be said that the verdict was contrary to law or unsupported by the evidence. *Pidcock* v. *Crouch*, 7 *Ga. App.* 299 (2 *d*) (66 S. E. 971); *Krauss* v. *Flournoy*, 7 *Ga. App.* 332 (66 S. E. 805); *Brown Shoe Co.* v. *Crosby*, 30 *Ga. App.* 534 (4, 5) (118 S. E. 446); *Coffee* v. *Worsham*, 31 *Ga. App.* 62 (2) (119 S. E. 665); *Kiser Co.* v. *Branan*, 31 *Ga. App.* 241 (120 S. E. 427).

3. The jury found in the plaintiffs' favor for a small sum. They could not, under the record, have found for the plaintiffs in any amount unless they upheld the plaintiffs' contentions with reference to the existence and scope of a certain custom of trade. It thus appears that if the court erred in ruling upon the admissibility of testimony relating to these matters the plaintiffs were not harmed thereby.

4. This court will not reverse the trial judge for refusing written requests to charge, unless it affirmatively appears that they were submitted before the jury retired "to consider of their verdict." In the present case it does not appear when they were presented. Civil Code (1910), § 6084; *Van Dyke* v. *Van Dyke*, 31 *Ga. App.* 67 (3) (119 S. E. 436); *Dixon* v. *Sol Loeb Co.*, 31 *Ga. App.* 165 (12) (120 S. E. 31); *Byfield* v. *Candler*, 33 *Ga. App.* 275 (125 S. E. 905).

5. The court did not err in overruling the plaintiffs' motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1925.

Complaint; from city court of Houston county—Judge Riley.
December 29, 1924 .

*Brown & Brown*, for plaintiffs.

*C. L. Shepard*, for defendant.