34750.   COLLINS *v.* ABEL HOLDING COMPANY.

DECIDED NOVEMBER 14, 1953—REHEARING DENIED DECEMBER 2, 1953.

340

*Cozart, Rosenstrauch & Nilan,* for plaintiff in error.
*Paul Blanchard, Arthur F. Copland,* contra.

GARDNER, P. J. The defendant urges that the note and contract sued upon herein were procured by fraudulent and deceitful acts and means, that is, that he was induced to sign such written instruments by reason of the false representations of the plaintiff's agents relative to the horses purchased by him from the plaintiff corporation. "Fraud renders contracts voidable at the election of the injured party." Code § 20-502. "Wilful mis-

representation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action." § 105-302. "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation renders the sale voidable at the election of the injured party, though the party making it was not aware that his statement was false. Such misrepresentation may be perpetrated by acts as well as words, and by any artifices designed to mislead. A misrepresentation not acted on is not ground for annulling a contract." Code § 96-202. "Fraud or duress, by which the consent of a party has been obtained to a contract of sale, renders the sale voidable at the election of the injured party." § 96-201. The defendant states that the plaintiff, through its said agents, made fraudulent representations to him when he entered into this contract and signed said note for the remainder of the purchase price of the horses.

The note and contract constituted the entire agreement. The representations and statements, which the defendant says induced him to buy these horses and to enter into the contract, were all oral. Nothing was said in these written instruments as to the age of the horses or as to the use for which the defendant desired to acquire them, or as to there being certain advertising matter to be turned over to him along with the delivery of the horses for use in exhibiting these horses. These matters were all parol representations and agreements, tending to take from, add to, or vary the terms of a written contract, and not entirely consistent with its terms.

In *Smith Bros.* v. *Webb & Maury*, 20 *Ga. App.* 313 (93 S. E. 74), this court said: "When the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between them; and if it contains an express warranty of certain qualities in the article sold, an implied warranty of other qualities is excluded." In *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711), the Supreme Court said: "Parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." Also, in the same case it was said: "If, therefore, such

a writing exists between the parties, and it contains no warranty at all, no warranty can be added by parol; if it contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge or modify that which the writing specifies." It is quite evident that the note, representing the balance of the purchase money for the horses bought by the defendant from the plaintiff, and the conditional-sale agreement between the parties providing that title to the horses was to remain in the seller until the note was paid in full, constituted a complete, unconditional and unambiguous contract. There is nothing to indicate that it did not contain all the terms of the agreement made between the parties. The contract stated the amount of the balance of principal due, the rate of interest, and when and where same should be paid. It set out the consideration, and provided that the title to the horses should remain in the seller until the note was fully paid, that the buyer was to keep the horses insured, that the buyer was to take the risk of the horses dying, that homestead was waived, that the seller should have the right to take possession of the horses if the debt was not paid; and it also expressly provided that the note and contract constituted the entire agreement between the parties, and that there were no warranties made "in reference to the property by the seller to the purchaser unless expressly stated herein." The defendant is bound by these recitations in the contract. *Widincamp* v. *Patterson*, 33 *Ga. App.* 483 (127 S. E. 158).

The note and contract sued on purported to show upon their face the terms of the contract for the sale of the horses, and it was not permissible for the defendant buyer to plead or prove a breach of a contemporaneous agreement or express warranty not in writing. *West* v. *Miller*, 32 *Ga. App.* 199 (2) (122 S. E. 809).

In the present case, the contract recites that no warranty was made, save as expressed therein, and none was expressed therein, and said instrument further recites that the note and contract of sale contain all of the terms of the agreement between the parties. Where the written contract between the parties excluded any warranty of health or soundness of the mule sold, parol testimony could not be admitted to vary the terms thereof. See *Jones* v. *George S. Riley, Jr., Co.*, 14 *Ga. App.* 84 (80 S. E. 341). In *United Motor Atlanta Co.* v. *Paxson Bros.*, 14 *Ga. App.* 172 (80 S. E. 704), it was held: "If it appears that the automo-

bile, for the purchase price of which suit was brought, was sold to the defendants under a contract containing a limited warranty, they cannot insist upon any warranty other than that embraced in the contract. . . Moreover, if the defendants rely upon an express warranty, they cannot defend upon proof of an implied warranty." The plea of the defendant in the present case was not good in law and was subject to the demurrers urged thereto. *Borders* v. *Chapman,* 22 *Ga. App.* 712 (97 S. E. 96).

Conceding that an implied warranty existed in this transaction that the property purchased by the defendant from the plaintiff, to wit, three named horses, was reasonably suited to the intended use, there was no implied warranty that these horses would answer some particular or special purpose of the defendant buyer. The defendant sets up that these horses were intended to be used by him for show or exhibition purposes, and that this was known to the plaintiff's agents. The written contract contains no statement or indication that such was the use intended by the defendant when he bought the horses. The defendant alleges that there was a parol understanding that this was the reason for his buying the horses, and that, if they were not suitable for such purpose, they were worthless to him. There was no warranty, express or implied, on the plaintiff's part that these horses were suitable for the particular purpose intended by the defendant buyer. The warranty implied by law that the article sold is reasonably suited to the uses intended by the buyer (Code § 96-301) refers not to any particular intended use by the buyer, even if such intended use is made known to the seller, but to the use for which the article sold is commonly intended. *Love* v. *Nixon,* 82 *Ga. App.* 445 (61 S. E. 2d 423). It matters not that this intended use is made known to the seller. *Kontos* v. *Jordan,* 57 *Ga. App.* 267, 273 (195 S. E. 210). There is no implied warranty that articles used for a particular purpose will answer some other purpose intended by the buyer. *Colt Co.* v. *Bridges,* 162 *Ga.* 154 (132 S. E. 889). Where the buyer expressly agrees in a written contract of sale that no agreement or warranty other than that specified in the contract shall be binding upon the seller, such an agreement expressly precludes the buyer from setting up the implied warranty which the law would otherwise read into the contract. *Stimpson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (61 S. E. 1131).

344

It does not appear that there was any fraud in the procurement of this contract such as would in the contemplation of the law entitle the buyer to rescind the contract, or entitle the buyer to damages from the seller for its alleged failure to deliver horses particularly suited for exhibition purposes, and to turn over to the defendant the advertising matter which it is alleged the plaintiff orally stated it would do. See *Outlaw* v. *Park Live Stock Co.*, 20 *Ga. App.* 776 (93 S. E. 310). The statement by the agent of the plaintiff that the defendant could procure a lease of the moving pictures from a film company, owning same, which the defendant was not able to do, does not constitute fraud voiding the contract and the note sued on. The fact as to the age of the horses was an oral statement, and with exercise of slight diligence the defendant could have ascertained their age before signing the note and contract.

It follows that, applying the foregoing principles of law, the plea and answer of the defendant as amended failed to set up any defense to this action on the note and contract, and was subject to the demurrers, general and special, urged thereto and sustained by the court. No case showing the defendant entitled to recover damages on account of any alleged fraud of the plaintiff was made.

There being no proper defensive pleadings to the plaintiff's action on the note and contract for the balance of the purchase price of these horses, it was not error for the court, under the facts, to direct a verdict for the plaintiff on such note and contract and to enter judgment accordingly.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*