50863. ANSLEY v. FOREST SERVICES, INC. et al.

PANNELL, Presiding Judge.

Emory C. Ansley, doing business as Ansley Contracting Company, a successor to a partnership composed of complainant and his father, J. Mackin Ansley, deceased, brought an action against Forest Services, Inc., and its salesman, Thomas Clay, seeking recovery of damages allegedly caused by false and fraudulent representations made by an agent of the defendants in leasing certain heavy equipment to the complainant, a John Deere JD860 Scraper, the alleged misrepresentation being that the contract included credit life insurance on the father in the amount of $25,000. The lease was on a printed form and on the first page thereof, prior to the signature lines the lease was divided into numbered paragraphs with a title in larger and heavier face type than in the paragraph itself, and in capitals.

Paragraph 6, entitled "Insurance" read in smaller sized type as follows: "Lessee, at his own expense, will carry public liability insurance on the unit(s) with minimum liability limits in the amounts of $100,000 per person and $300,000 per occurrence for bodily injury, including death, and in the minimum amount of $50,000 per occurrence for property damage. Upon the request of the Owner, Lessee shall deliver to the Owner certificates or other evidence satisfactory to the Owner that insurance is maintained as required under this Section until the Lessee is no longer liable for loss or damage to the unit(s) as provided in Section 7. If Lessee fails to deliver such certificates or other evidence of insurance to the Owner upon request, the Owner shall have the right, but shall not be obligated, to purchase such insurance and Lessee will reimburse the Owner for the cost thereof upon demand. If John Deere Industrial Equipment Company ("John Deere") becomes the assignee of this lease, physical damage insurance covering the unit(s) will be provided by John Deere at its own expense. (See the insurance notice on the back of this lease.) This insurance will not include public liability insurance for the unit(s), which must be maintained by Lessee and evidence of insurance provided as required in this Section." On the back of the one-page contract at the top was the following in similar format: "Notice of physical damage insurance. If John Deere Equipment Company ("John Deere") accepts an assignment of this lease, physical damage insurance will be purchased by John Deere at its own expense covering the unit(s) described in this lease (but excluding any accessory or device installed on such unit(s) by the Lessee) and the Lessee will be furnished with an Advice which describes this insurance protection. This physical damage insurance shall terminate as to the affected unit(s) if a unit is returned to John Deere on expiration or termination of this lease, if John Deere's interest in a unit is terminated for any reason, if any rental payment becomes in default and John Deere discontinues premium payments, if any unit is repossessed by John Deere, if a judgment is entered by John Deere against the Lessee on this lease, or if the Lease Floater Insurance Policy for such insurance is

terminated."

Immediately below the above, in capitals of the smaller print, was the following:

"Notice: No physical damage insurance is provided unless John Deere accepts an assignment of this lease. Liability insurance coverage for bodily injury and property damage caused to others and life insurance on Lessee are not included."

There was no dispute that the representation had been made and that it was false but the salesman contended that they were innocently made by his mistake. The father died and complainant discovered there was no credit insurance. The defendant's motion for summary judgment was granted and the complainant appealed. *Held:*

1. Prior and contemporaneous agreements which are not incorporated therein cannot be shown to vary or contradict and change the terms of a valid written contract. Code §§ 20-704 (1), 38-501. *Collins v. Abel Holding Co.,* 89 Ga. App. 337 (79 SE2d 436). While a distinct collateral oral agreement which is not inconsistent with the written contract is not necessarily merged therein and one contract may be the consideration of another, and such an independent oral agreement which has been so induced, may be proved and enforced though not referred to in the written contract (Code § 38-504; *Langenback v. Mays,* 205 Ga. 706 (54 SE2d 401); *Mays v. Langenback,* 206 Ga. 859 (59 SE2d 376)), and if the writing does not purport to contain the entire contract, parol evidence is admissible to prove the other portions thereof which are not inconsistent with the writing (*Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536)), yet neither of these rules is applicable where the parol evidence contradicts or varies the writing.

2. Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party or its agent, with whom there exists no fiduciary or confidential relation, he cannot recover for damages occasioned by the breach of the representation made where the representation made is contrary to the express terms of the contract; unless it should appear that at the

time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it. *Tinsley v. Gullett Gin Co.,* 21 Ga. App. 512 (2) (94 SE 892). See also, *Morrison v. Roberts,* 195 Ga. 45 (1) (23 SE 2d 164). Fraud which would relieve a party who can read must be fraud which prevents him from reading. *Sloan v. Farmers & Merchants Bank,* 20 Ga. App. 123 (92 SE 893); *Wynn v. First Nat. Bank of Newnan,* 176 Ga. 218 (167 SE 513); *Hancock v. Gunter,* 195 Ga. 646 (4) (24 SE2d 772).

3. In *Tinsley v. Gullett Gin Co.,* 21 Ga. App. 512, supra, an order signed by Tinsley (which contained the contract between the parties) was accepted by the Gullett Gin Company. The contract was six pages of the record in that case on appeal and contained the following paragraph:

"It is understood you are not to be responsible for any delays in shipping said machinery that may be due to strikes, accidents, or other cause, except that resulting from your own or your employee's negligence and in case of delay on account of your negligence the reasonable rental value of the machinery for the time of such delay shall be liquidated damages therefor; *and that you warrant said machinery as expressed on the back hereof, but not otherwise.*" (Emphasis supplied.)

On the back of the last page of the contract after the signatures on the preceding page, was a limited and conditional warranty. The purchaser relied upon statements of the salesman and did not read or look on the back of the order-contract and when an action was brought for the purchase price of the machinery ordered, set up the following defense:

"Defendant says that he did not make any agreement or contract, with plaintiff except as is expressed on the face of said contract, and there is no agreement attempted to be set out on the back of the last page of said contract, under the section marked, 'Warranty,' and defendant is not bound by any such conditions as are therein named and set out, for the reason that said contract shows on its face, 'That nothing contained herein oral or otherwise,'

[sic] is a part of said contract.

"Defendant says that he is not bound by any conditions as are attempted to be ingrafted onto what purports to be the warranty, for the reason that there is no reference to same in the face of the contract, and no sufficient reference thereto to make same binding on defendant, the only reference to anything not on the face of said contract is obscurely inserted in the body of said contract, and same was arranged by plaintiff to mislead and deceive, and did mislead and deceive defendant, and the very arrangement of said clause of reference and the clause so added on the back, is fraudulent, and deceived defendant to his damage as set forth above, and defendant is not bound by any conditions therein described." It appears, therefore, that the rulings in Division 2 of the *Tinsley v. Gullett Gin Co.* case are controlling in the present case.

Under these circumstances the plaintiff is not entitled to recover based on his claim of fraudulent misrepresentations, or upon the theory of negligence by the seller in not procuring the insurance, when the contract provides it shall not include life insurance.

4. The trial judge did not err in granting summary judgment for the defendant.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 4, 1975 — REHEARING DENIED SEPTEMBER 19, 1975 — 

*Myers & Parks, J. Frank Myers, William Jonathan Murray,* for appellant.

*Melton, McKenna & House, Andrew W. McKenna, Buckner F. Melton, E. Thomas Shaffer, Jr.,* for appellees.