## 52068. TAYLOR FREEZER SALES COMPANY, INC. v. HYDRICK.

PANNELL, Presiding Judge.

The plaintiff brought an action to recover certain equipment which had been leased to the defendant. The plaintiff also sought to recover the rental value of the equipment for the period of time that the defendant had held the equipment after the expiration of the lease. The defendant counterclaimed, alleging fraudulent misrepresentation of the terms of the lease; he contended that the lease was in fact a lease purchase agreement. A jury trial was held, and a verdict was returned in favor of the defendant. The plaintiff appeals the judgment entered in favor of the defendant.

The evidence shows that the plaintiff is engaged in the business of leasing ice-making machines and related equipment. The defendant operates a service station. In March, 1972, a salesman employed by the plaintiff negotiated a contract with the defendant for the "lease" of certain equipment. On March 19, 1972, the defendant signed a form setting forth the terms of the transaction. The printed portion of the form referred to the parties as purchaser and vendor; however, the salesman wrote on the form, *"Lessor* will perform all installation, maintenance and spare parts and labor for duration of *lease."* (Emphasis supplied.) The document also provided that the order was subject to acceptance by the vendor. There was no evidence showing acceptance of this "order" by the plaintiff.

Two days later an "Equipment Lease" agreement was entered into by the plaintiff and defendant. The agreement provided for 36 monthly rent payments of $92.70 each. The following pertinent provisions were set forth in the lease agreement: "9. Acceptance. Unless within 48 hours after receipt of the Equipment, Lessee gives Lessor written notice specifying any defect in or other valid objection to the Equipment, it shall be conclusively presumed, as between the Lessor and the Lessee, that the Equipment is acknowledged to be in good condition and that Lessee has accepted and is satisfied that the Equipment constitutes the Equipment specified

in the Lease. . . 14. Surrender. Upon the expiration or earlier termination of this Lease, Lessee shall return to Lessor the equipment in good repair, condition and working order, ordinary wear and tear resulting from proper use thereof alone excepted, by delivering it, packed and ready for shipment, to such place or carrier as Lessor may specify. . . 20. Ownership. The Equipment is, and shall at all times be and remain, the sole and exclusive personal property of Lessor; and the Lessee shall have no right, title or interest therein or thereto except as expressly set forth in this lease. . . 25. Execution . . . No Officer or employee of the Lessor is authorized to waive any of the provisions hereof except in writing."

The term of the lease expired on March 22, 1975. The plaintiff requested the return of the equipment or the execution of another lease agreement. The defendant refused to do either; he testified that the plaintiff's agent had told him that at the end of the *lease* he could buy the equipment for a small sum. The defendant also testified that this offer was never put into writing and there was never an agreement as to the amount of the "small sum required to purchase the equipment." The plaintiff's agent denied having made any offer to sell the equipment to the defendant. *Held:*

1. At the close of the evidence, the plaintiff made a motion for directed verdict on the complaint and counterclaim. The judge granted a directed verdict for the plaintiff on defendant's counterclaim; he denied the motion as to plaintiff's claim for return of the equipment and for the rental value of the equipment from March 22, 1975. Appellant urges error in the court's failure to grant a directed verdict on his complaint.

We find that the trial judge properly submitted the claim for the rental value of the property to the jury, but that he erred in refusing to grant a directed verdict as to the plaintiff's claim for the return of the equipment.

2. It is the duty of the court to construe contracts unless they are ambiguous, in which event parol testimony may be admitted for the purpose of ascertaining the intention of the parties. See Code § 20-704; *Knight v. Causby,* 68 Ga. App. 572, 576 (23 SE2d 452). The only ambiguity found in the agreements dated

March 20 and 22 is that the first agreement refers to the parties as vendor and purchaser; whereas the second agreement refers to the parties as lessor and lessee. Although this ambiguity would appear to present a question of fact for the jury as to whether the parties intended a sale or a lease, the parol testimony forecloses any issue as to the intent of the parties on this issue. The evidence shows that the parties intended to enter a *lease* agreement. The only evidence tending to show an agreement to sell referred to an alleged option to purchase after the expiration of the lease. The evidence did not support a finding that the parties did not intend to enter into a *lease* agreement.

The evidence did not authorize the jury to find that the parties intended to sell the equipment under either of the two written agreements. It is clear that the parties intended a lease of the equipment. Further, the rights of the parties to the equipment is clearly set forth in the lease agreement. The only agreement which would indicate a right of the defendant to the property was an alleged oral promise by the plaintiff's representative to sell the property for a "small sum" after the expiration of the lease. There was no evidence showing that the defendant offered to pay this "small sum" for the purchase of the equipment or that any sum was paid to the plaintiff by the defendant after the expiration of the lease.

We cannot determine how the defendant could be entitled to retain the equipment. The lease agreement is clear and unambiguous regarding the rights of the parties to the equipment; it provides for the return of the equipment to the plaintiff at the expiration of the lease. The evidence demanded a finding that the plaintiff was entitled to possession of the equipment. The trial court erred in submitting this issue to the jury.

3. There was no error in the trial court's denial of the plaintiff's motion for directed verdict on his claim for the rental value of the equipment during the period of time it was detained by the defendant. There was a question of fact presented as to the rental value of the equipment during the period of detention. The jury was to decide this question from all of the evidence presented to them, such

as the condition of the equipment and its production capacity. They could also consider the plaintiff's opinion as to the equipment's rental value; however, this was not conclusive as to its true rental value. See *McCaulla v. Murphy*, 86 Ga. 475, 480 (12 SE 655). Since there was a question of fact as to the rental value of the equipment, the trial judge properly presented this question to the jury.

4. The trial court allowed the defendant to testify that the plaintiff's salesman told him he could buy the equipment for a small sum at the end of the lease. Plaintiff's counsel objected to this testimony as being in violation of the parol evidence rule. Prior and contemporaneous statements and agreements cannot be shown to vary, contradict or change the terms of a valid written contract purporting on its face to contain all the terms of an agreement between parties. See *Collins v. Abel Holding Co.*, 89 Ga. App. 337 (79 SE2d 436). However, when the alleged verbal agreement is an independent and complete contract within itself and forms no part of the written contract, it does not come within the operation of the parol evidence rule. *Langenback v. Mays*, 205 Ga. 706, 711 (54 SE2d 401). It is obvious from a consideration of all of the evidence that the testimony concerning the right to purchase was not offered to prove a separate and distinct contract to sell the equipment at the end of the lease. Rather, the testimony was offered to show that the parties contemplated a lease purchase agreement rather than the simple lease set forth in the written contract. Thus, the evidence was offered to contradict the express terms of the written lease agreement. Accordingly, it should have been excluded, and the trial judge erred in allowing the testimony over plaintiff's objection.

5. Our decision in the preceding divisions of this case renders it unnecessary to decide appellant's remaining enumerations of error.

6. The appellant is entitled to the return of the leased equipment and to a new trial on his claim for the reasonable rental value of the equipment.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

742

*Cobb, Blandford & Werbin, Samuel N. Werbin,* for appellant.
*Cunningham & Clarke, T. Henry Clarke, Raymond A. Cunningham,* for appellee.