## 56594. PENNSYLVANIA LIFE INSURANCE COMPANY v. HALL.

BIRDSONG, Judge.

Appellees, the insured and owner of a life insurance policy issued by appellant, Pennsylvania Life Ins. Co. ("Pennsylvania"), brought suit against Pennsylvania alleging that Pennsylvania's agent had defrauded them

of $1,000. Appellees sought the return of this money, as well as a penalty and attorney fees. An adverse jury verdict was rendered against Pennsylvania, which moved for judgment nov. The trial court granted a partial judgment nov in favor of Pennsylvania as to penalty and attorney fees. Pennsylvania appeals the order of the trial court overruling the motion for judgment nov as to the balance of the verdict and judgment. *Held:*

1. The appellees allege that the appellant's agent represented to them that they were investing in a mutual investment or annuity program, from which their money could be withdrawn at any time. Assuming these allegations to be true, the uncontroverted evidence shows that appellees prepared and submitted to Pennsylvania a comprehensive questionnaire plainly denominated "Application for Life Insurance." In addition, the appellee/insured underwent a physical examination at appellant's request, and authorized the appellant to obtain and inspect any and all of his medical records. It is not disputed that the appellees did in fact receive from appellant a life insurance policy in conformance with their application. Finally, the pleadings and evidence are utterly devoid of the slightest suggestion that the appellees were in any way prevented from ascertaining the contents, or apprehending the meaning, of the application form submitted by them; neither is there anywhere alleged or shown emergency or fiduciary relationship such as would obviate appellees' duty of reading that which they signed. See *Ansley v. Forest Services,* 135 Ga. App. 745 (218 SE2d 914).

2. This case is controlled by the holding of this court in *Kennesaw Life &c. Ins. Co. v. Flanigan,* 115 Ga. App. 818 (156 SE2d 219), where, under virtually identical facts and pleadings, this court held that the appellees ". . . received contracts in accordance with their applications [for insurance]. Under [such] circumstances the petitions show no actionable fraud and thus fail to state a cause of action." Furthermore, it is well settled that "[f]raud which would relieve a party who can read must be fraud which prevents him from reading. [Cits.]" *Ansley v. Forest Services,* supra, p. 748.

Appellees testified that they were in no way

prevented from reading the application form, or the insurance policy itself. Accordingly, the trial court erred in failing to grant in its entirety appellant's motion for judgment nov.

*Judgment reversed with direction to the trial court to grant the defendant's motion for judgment notwithstanding the verdict. Bell, C. J., and Shulman, J., 'concur.*

SUBMITTED SEPTEMBER 20, 1978 — DECIDED OCTOBER 30, 1978.

*Heyman & Sizemore, W. Dan Greer, Patrick L. Swindall,* for appellant.

*Walters, Davis, Ellis & Smith, J. Harvey Davis,* for appellee.