## GRIGGS FERTILIZER CO. *v.* ADAMS-OLIFF CO.

This case, growing out of an issue made by a contest between two mortgage creditors for certain funds brought into court by a distress warrant sued out by a third party, was submitted to the court for trial without the intervention of a jury. The parties agreed upon a statement of the facts, and also agreed that the decision of the judge turned upon the sole question as to whether the mortgage in favor of the prevailing party, under the decision of the judge, "is void for want of a sufficient description of the property." The description of the property mortgaged is included in the following language: "I hereby give to the said Adams-Oliff Co., or bearer, a mortgage on my crops of cotton, corn, fodder, peas, wheat, oats, sugar-cane, potatoes, and cottonseed now growing or to be grown on my farm in Colquitt County, Ga., and all other lands cultivated by my wife, children, tenants, or laborers, the present year and successive years." *Held*, that, under the decisions in *Crine* v. *Tifts*, 65 *Ga.* 644, and *Duke* v. *Neisler*, 134 *Ga.* 594 (68 S. E. 327, 137 Am. St. R. 250), the mortgage was not void.

JANUARY 15, 1916.

Money rule. Before Judge Thomas. Colquitt superior court. October 16, 1914.

*J. L. Dowling,* for plaintiff in error. *T. H. Parker,* contra.

BECK, J. The ruling made in the headnote covers the only point presented by this record. The cases cited will be seen, upon a comparison of the description of the mortgage set forth in the statement of facts therein with the description of the property covered by the mortgage in the case at bar, to be directly in point and to rule the question made here. In the brief, counsel for plaintiff in error argue that while as between the mortgagor and mortgagee the mortgage might not be void for want of a sufficient description of the property mortgaged, nevertheless the description was insufficient to give constructive notice to the plaintiff in error or others as to the existence of the lien attempted to be created thereafter; and cites authorities to support this proposition, among them the case of *Stewart* v. *Jaques,* 77 *Ga.* 365 (3 S. E. 283, 4 Am. St. R. 86). But the plaintiff in error can not take advantage of the ruling made in that case, that, "as between the mortgagor and mortgagee, parol evidence might be admitted to show the property to be the same as that mortgaged, but it is not admissible as against a bona fide purchaser." In order to have obtained advantage of the ruling quoted and of similar rulings in other cases, a different question should have been submitted to the court, or an additional question,—that is, one raising the objection to the de-

scription that it was not sufficiently definite to give constructive notice to the plaintiff in error as to the existence of the lien of the older mortgage. The plaintiff in error did not raise this contention in the submission of the issues to the court, but was content to submit the simple question as to whether or not the mortgage held by his adversary was void; and the court having correctly answered that question in the negative, the judgment rendered necessarily followed under the terms of the submission, and should not be disturbed here.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*