19823.  WILLIAMSON *v.* READ PHOSPHATE COMPANY.

DECIDED JULY 31, 1929.

*C. L. Harris,* for plaintiff in error. *Strozier & Gower,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The defendant by his affidavit of illegality attempted to set up two defenses: (1) "that said purported mortgage is null and void for the reason that the description is too vague and indefinite to identify the property alleged to have been mortgaged;" and (2) that he did not sign the paper which was foreclosed against him as a mortgage.

The mortgage foreclosed was not "void for insufficiency in the description of the property upon which a lien was created." *Duke* v. *Neisler,* 134 *Ga.* 594, 595 (68 S. E. 327, 137 Am. St. R. 250); *Griggs Fertilizer Co.* v. *Adams-Oliff Co.,* 144 *Ga.* 564 (87 S. E. 776); *Bennett* v. *Green,* 156 *Ga.* 572, 575 (119 S. E. 620), and cit.; *First National Bank of Rome* v. *Rome Mercantile Co.,* 14 *Ga. App.* 99 (2) (80 S. E. 210).

It will be noted that in the affidavit of illegality the defendant did not contend that he did not sign the note, but alleged that he "did not notice that this purported mortgage had been filled out at the time he executed the note, and if same had been filled out he believes he would have seen same at the time he signed the note." In *Eliopolo* v. *Eicholz,* 161 *Ga.* 823 (131 S. E. 889), the 1st headnote is as follows: "'One having the capacity and opportunity to read a written contract, and who signs it, not under any emergency, and whose signature is not obtained by any trick or artifice of the other party, can not afterwards set up fraud in the procurement of his signature to the instrument.' *Truitt-Silvey Hat Co.* v. *Callaway,* 130 *Ga.* 637 (2) (61 S. E. 481)." Citing a number of cases to support the proposition, Mr. Justice Cobb, in *Stoddard Manufacturing Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915), said: "It is settled by numerous decisions of this court that where one signs a contract without reading it, he is bound by its terms, unless he shows that he could not read, and was for this reason imposed upon, or that the contract was signed under some emergency which excused the failure to read, or that the failure to read was brought about by some fraud or misleading device of the other party." See *Green* v. *Johnson,* 153 *Ga.* 748 (3) (113 S. E. 402), and cit. In *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2) (94

S. E. 892), it was held: "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, on the ground that it does not contain the contract actually made." See *Barnes* v. *Slaton Drug Co.*, 21 *Ga. App.* 580, 582 (94 S. E. 896), and cit. The defendant does not claim that at the time he signed the mortgage there was some such emergency as would excuse his failure to read it, and he can not defend "unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." The court did not err in striking the affidavit of illegality.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*