NATIONAL ACCIDENT & HEALTH INSURANCE COMPANY v. DAVIS.

PER CURIAM. 1. The first question propounded by the Court of Appeals is answered in the negative; that is to say, the principle stated in the question should not be applied where to do so would be contrary to limitations upon the authority of the agent as expressed in an application attached to and made a part of the policy. *Reliance Life Insurance Co.* v. *Hightower*, 148 *Ga.* 843, 845 (98 S. E. 469) ; *New York Life Insurance Co.* v. *Patten*, 151 *Ga.* 185 (106 S. E. 183) ; *Davis* v. *Metropolitan Life Insurance Co.*, 161 *Ga.* 568 (131 S. E. 490) ; *Puckett* v. *Metropolitan Life Insurance Co.*, 32 *Ga. App.* 263 (122 S. E. 791).

2. In answer to the second question, it is held that under the facts stated the insurer would not be held to notice of the falsity of the answers fraudulently inserted in the application by its agent, and would not be estopped; while on the other hand the applicant, later the insured, would be estopped from pleading or proving the fraud of the agent, the application signed by the insured containing the statement "that the company is not bound by any knowledge of or statements made by or to any agent unless written hereon." See authorities cited above, and also *Wilkins* v. *National Life Insurance Co.*, 23 *Ga. App.* 191 (2 c) (97 S. E. 879) ; *Metropolitan Life Insurance Co.* v. *James*, 37 *Ga. App.* 678 (141 S. E. 500) ; *New York Life Insurance Co.* v. Fletcher, 117 U. S. 519 (6 Sup. Ct. 837, 29 L. ed. 934) ; *Lumber Underwriters* v. *Rife*, 237 U. S. 605 (35 Sup. Ct. 707, 59 L. ed. 1140).

3. According to the rule established by the decisions in this State, where the facts of a case are as stated in the questions here certified, it should be distinguished from such cases as *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (25 S. E. 333), *Mechanics &c. Insurance Co.* v. *Mutual Real Estate Asso.*, 98 *Ga.* 262 (25 S. E. 457), *Metropolitan Life Insurance Co.* v. *Hale*, 177 *Ga.* 632 (170 S. E., 875), and Insurance Co. v. Wilkinson, 80 U. S. 222, where there was no limitation upon the agent's authority in an antecedent application, and where the agent was thus acting within the apparent scope of his authority, in the preliminary negotiations.

4. If the application containing the false answers referred to was signed by the applicant by reason of some misleading artifice or device perpetrated by the agent, such as reasonably prevented the applicant from reading the application containing the false answers before he signed it, or if the answers were inserted by alteration after the application was signed, a different case might be presented; but the questions propounded in this case are not construed as involving any such state of facts. See *Stoddard Manufacturing Co.* v. *Adams*, 122 *Ga.* 802 (50 S. E. 915) ; *Truitt-Silvey Hat Co.* v. *Callaway*, 130 *Ga.* 637 (2) (61 S. E. 481) ; *Shaw* v. *Probasco*, 139 *Ga.* 481 (77 S. E. 577) ; *Green* v. *Johnson*, 153 *Ga.* 738 (3) (113 S. E. 402) ; *Eliopolo* v. *Eicholz*, 161 *Ga.* 823 (131 S. E. 889) ; *Williamson* v. *Read Phosphate Co.*, 40 *Ga. App.* 219 (2) (149 S. E. 175) ; *Lee* v. *Loveland*, 43 *Ga. App.* 5 (157 S. E. 707), and cit.; Civil Code (1910), § 4296.

*All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

No. 10062. SEPTEMBER 25, 1934.

*Cotterill, Hopkins, Bryan & Ward,* for plaintiff in error.
*Douglas, Douglas & Andrews,* contra.