23779. KELLY *v.* INTERSTATE LIFE & ACCIDENT COMPANY.

STEPHENS, J. 1. Upon the trial of a suit to recover on a policy of life insurance in which the application is not a part of the contract, where the company defended on the ground that the policy was void in that the insured, in the application for insurance upon which the policy was issued, but which was unattached to the policy and was therefore not a part of the contract, falsely and fraudulently misrepresented material facts, and stated that she had never suffered from heart disease, disease of the liver or kidneys, or cancer, when in fact she had suffered from diseases of the heart and kidneys and cancer, and that at the time of the delivery of the policy the insured was not in good health, but was suffering from high blood pressure and diabetes, and where it appeared from the evidence of a physician called in by the family physician to see her at a hospital where she remained for about five days, and which was about nine months before the policy was issued, that she suffered from high blood pressure and diabetes, that he told her of this condition, that she knew she had a heart affection and high blood pressure, that she could not walk without getting out of breath, and where it appeared from the testimony of her family physician, who had treated her for about three years prior to the issuance of the policy, that she had high blood pressure at times but not persistently, that she had glycosuria and varied blood pressure and an occasional affection of the heart, that this condition was controlled by her going upon a strict diet, that she had some lesions of the heart and at times he observed murmurs, that she had a leaking heart, all of which were of a transitory type and not permanent, that she would have attacks of acute indigestion and at such times her heart was affected, that she was very thick, stout, and heavy, and it was difficult to ascertain how much heart trouble she had, that while she was in the hospital, where she was for about three days, he gave her insulin to reduce the sugar content, and this cleared up after one or two days' treatment, that while she knew she took insulin when she had these attacks, she did not know the seriousness of her disease, as he wouldn't tell her, for fear of the effect on her, because she was excitable, but told her that

she would get along all right if she would keep upon a strict diet, that it was necessary for her to remain on a diet, that a person in her condition would likely live as long as a normal person, and there was no evidence that she made any misrepresentation as respects having had cancer, the inference is demanded as a matter of law that she, in representing in the application that she had not suffered from any of these diseases, made fraudulent representations which were material to the risk, for the purpose of inducing the issuance of the policy. The judge of the municipal court therefore did not err in directing a verdict for the defendant. *Lee* v. *Metropolitan Life Ins. Co.*, 158 *Ga.* 517 (123 S. E. 737); *Thompson* v. *Metropolitan Life Ins. Co.*, 45 *Ga. App.* 90 (163 S. E. 527); *Northwestern Life Ins. Co.* v. *Montgomery*, 116 *Ga.* 799 (43 S. E. 79).

2. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur. Stephens, J., dissents.*

DECIDED SEPTEMBER 29, 1934.

*Gilmore & Cork,* for plaintiff. *Turpin & Lane,* for defendant.

STEPHENS, J., dissenting. The syllabus above represents the view of the majority of the court. I dissent therefrom. The application is not attached to the policy and is not a part of the contract. A recovery can be defeated only upon the ground that the insured knowingly misrepresented her condition with the intent to procure the issuance of the policy. Since the inference is authorized that, although the insured knew of her condition, the diseases from which she suffered were only transitory and were not of a chronic or permanent nature, and that she did not realize the seriousness of her condition, the inference is not demanded as a matter of law that she, in representing that she had not suffered from any of these diseases, made a knowingly false and fraudulent representation for the purpose of inducing the issuance of the policy. I think it was a question for the jury, and that the court erred in directing a verdict for the defendant.