## 28124. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE v. DAVIS.

DECIDED JULY 13, 1940.

*Beck, Goodrich & Beck,* for plaintiff in error.

*Nance & Hightower,* contra.

BROYLES, C. J.   This was a suit on a policy of insurance on the life of Roy Davis, and was brought by his wife, Irene Davis, the beneficiary named in the policy.   The defendant denied liability, on the ground that the policy was not in force at the date of the death of the insured on September 19, 1938, for the following alleged reasons:   On July 31, 1938, the policy lapsed in accordance with its provisions, because of non-payment of the premium due on July 3, 1938.   On August 6, 1938, the insured applied for a reinstatement of the policy, and made therein certain material, false, and fraudulent representations in order to obtain such reinstatement.   The application for reinstatement contained (among other terms not material in this case) the following provisions: "To induce the Life & Casualty Insurance Company of Tennessee to reinstate policy and as consideration therefor I agree, on behalf of myself and of any other person who shall have or claim interest in any policy issued under this application, as follows (wherever nothing is written in the following paragraph it is agreed that the declaration is true without exception) :   I have not been under the care of any physician within three years except (when exceptions are stated, give names of doctors, dates of attendance, and illness). None.   I have stated all exceptions and every case when I have consulted or received treatment from a doctor at his office or elsewhere.   .   .   I hereby declare that the above-recorded statements are true and complete, and I agree that any misrepresentations shall render the policy void."   The defendant alleged in its answer that the statement of the insured in the application that he had not been under the care of any physician within three years was false and was wilfully made by the insured to induce the company to reinstate his policy; that said false statement as to the condition of his health materially affected the defendant's risk in reinstating the policy; that the policy would not have been reinstated except for such false statement; that the defendant did not know of the falseness of the statement until after the death of the insured, and immediately upon learning of it the defendant tendered to the plaintiff the sum of $3.30, which was the full amount of the pre-

miums paid at the time of the signing of the application for reinstatement and of all premiums paid from that date to the date of the death of the insured, which tender was refused by the plaintiff; and that "defendant now tenders said amount to the plaintiff and shows that it has deposited same in the registry of this court for the plaintiff."

The case proceeded to a verdict and judgment in favor of the plaintiff. A new trial was denied, and the defendant excepted. The controlling question is, did the evidence and the law pertinent thereto demand a finding for the defendant? Upon the trial the undisputed evidence established the following facts: (a) On July 31, 1938, the policy lapsed, in accordance with its provisions, for the non-payment of the premium due on July 3, 1938. (b) On August 6, 1938, the insured signed an application for reinstatement of the policy, and made therein the statement that he had not been under the care of any physician within three years. And it appears from the evidence that such statement was false and was wilfully made to induce the defendant, and did so induce it, to reinstate the policy. Therefore, under the provisions of the application for reinstatement, the policy was rendered void. "A, life policy providing for reinstatement after default on evidence of insurability satisfactory to the company necessarily requires truthful evidence, and such evidence is a condition precedent to reinstatement. One applying for the reinstatement of a life policy is bound by his application for reinstatement verified by his signature and his certificate therein that the answers are full, complete, and true, though a soliciting agent of the insured fills in the answers. Where an applicant for the reinstatement of life policies signs an application containing false answers to questions whether he . . has within two years . . consulted or been treated by a physician, and certifies therein that the answers are full, complete, and true, the reinstatements are voidable. The Georgia statute making a soliciting agent of an insurance company its agent for all purposes does not make him an officer of the company authorized to create a new contract by validating reinstatement of a life policy on false evidence of insurability contrary to the provisions of the policy. Code Ga. 1933, § 56-501. Where insured, in applying for reinstatement of life policies, furnishes false evidence which is relied on by the insurance company, he is guilty of fraud in law

which avoids the policy whether he acts in good or bad faith and whether he intends to deceive or not. Code Ga. 1933, §§ 37-702, 37-703, 37-704, 56-820, 56-821." New York Life Insurance Co. v. Odom, 93 Fed. 2d, 641.

In Pacific Mutual Life Insurance Co. v. Manley, 27 Fed. 2d, 915 (Judge Sibley), headnote 3 is as follows: "Denial of previous treatment by physicians held material misrepresentation, requiring cancellation of policy, where applicant had six years previously been confined and treated for recurrent severe headaches (Civ. Code Ga. 1910, §§ 2479, 2480, 2499 [1933, §§ 56-820, 56-821, 56-911]; Acts Ga. 1912, p. 119, § 21)." "A misrepresentation in a life-insurance application, as to whether the insured had been attended by a physician, would be material where the insurer, if correctly informed, would have had opportunity to investigate and ascertain the seriousness of the ailment for which the insured was often being treated. Where uncontroverted facts show a misstatement or material fraudulent concealment in answers to questions in an application for life insurance, a verdict in favor of the insurer will be demanded in a suit by the beneficiary of a life policy." *National Life & Accident Insurance Co.* v. *Strother,* 53 *Ga. App.* 241 (2) (185 S. E. 373); *Kelly* v. *Interstate Life & Accident Co.,* 49 *Ga. App.* 766 (176 S. E. 793). "A failure to state a material fact, if not done fraudulently, shall not void the contract; but the wilful concealment of such a fact, which would enhance the risk, shall void the policy." Code, § 56-822. And "concealment of material facts may in itself amount to a fraud . . where direct inquiry is made, and the truth evaded." Code, § 96-203. This Code section is applicable to contracts of life insurance. *National Life &c. Insurance Co.* v. *Strother,* supra, headnote 1. "A wilful misrepresentation of material facts, made by the assured in the application for reinstatement, to induce the reinstatement of a policy of life insurance which has lapsed, will void the policy." *Phillips* v. *New York Life Insurance Co.,* 173 *Ga.* 135 (2) (159 S. E. 696).

The fact that in the instant case the application for reinstatement of the policy was not attached to the policy is immaterial. "A life policy providing that the policy and the application, a copy of which is attached, constitute the entire contract, and that after default the policy may be reinstated upon written applica-

tion, does not contemplate that *the application for reinstatement* [italics ours] shall be attached to the policy. An insurance company seeking to cancel a policy for fraud in its procurement is not precluded from offering the application in evidence though not attached to the policy. Code Ga. 1933, § 56-904." New York Life Insurance Co. *v.* Odom, supra. In that case the court said: "Appellees raise the defense that the applications for reinstatement can not be relied upon by the company in a suit to cancel the policies and their reinstatement because they were not attached to the policies and therefore not to be considered part of the contract. Reliance is had upon the provisions of the policy and a statute of Georgia. Georgia Code 1933, § 56-904. The provisions of the policy do not contemplate that an application for reinstatement should be attached to it. And where an insurance company is seeking to cancel a policy on the ground of fraud in its procurement, it is not precluded from offering the application in evidence, although not attached. *Johnson* v. *American Nat. Life Ins. Co.*, 134 *Ga.* 800, 68 S. E. 731; Washington Fidelity Nat. Ins. Co. *v.* Burton, 287 U. S. 97, 53 Sup. Ct. 26, 77 L. ed. 196, 87 A. L. R. 191; New York Life Ins. Co. *v.* McCarthy, supra [22 Fed. 2d, 241]." Also, the fact that the insured in the instant case did not read the application for the reinstatement of his policy is immaterial. The undisputed evidence shows that the insured could read and write; that he could have read the application; that he did not ask the agent of the insurance company to read it to him; that he signed it; that nothing was said or done by the agent of the company to prevent him from reading the application; and that no fraud was perpetrated on him to induce him to sign the application. "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). "One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing." *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238) ; *Sloan* v. *Farmers Bank,* 20 *Ga. App.* 123 (a.) (92 S. E. 893) ; *Gossett* v. *Wilder,* 46 *Ga. App.* 651, 653 (168

S. E. 903). In the instant case the undisputed evidence supported the facts as to the provisions of the application for the reinstatement of the policy set out in the defendant's answer.

Under the foregoing rulings and the facts of the case, a finding for the defendant was demanded, and the verdict in favor of the plaintiff was contrary to the law and the evidence. The cases cited in behalf of the defendant in error are differentiated by their particular facts from this case. In view of our ruling, it is unnecessary to pass on the special assignments of error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*