### 41199. SKENE v. JONES.

BELL, Presiding Judge. The plaintiff Skene sued the defendant Jones for fraud and deceit in the sale of real estate. The petition alleged that Jones made false representations to Skene that one of the offices in the building was rented to a tenant at $45 per month when in actuality the monthly rental was only $40; that one of the offices had been rented to a tenant at $43 per month when in fact it had not been rented; and that two of the offices *would* be leased at a total monthly rental of $112.50 to another tenant but no agreement had been made with the prospective tenant. It is alleged that those misrepresentations were made knowingly and with the intent to induce plaintiff to purchase the realty and that plaintiff, relying on the accuracy of the representations, did purchase the property. *Held:*

The judgment of the trial court sustaining the defendant's general demurrer and dismissing the petition must be affirmed.

The contract of sale as executed by the plaintiff and defendant contained the following provision: "This contract contains the entire agreement between the parties and no representations, warranties or promises, unless herein contained, shall be binding upon the parties hereto."

The petition is totally silent with respect to any charge that plaintiff was induced to sign the agreement by a fraud perpetrated by defendant which actually prevented plaintiff from knowing the provisions of the contract. This deficiency clearly brings the petition within the ambit of the holdings in *Alpha Kappa Psi Building Corp. v. Kennedy*, 90 Ga. App. 587 (83 SE2d 580); *Willis v. Brooks & Thomas Motor Co.*, 101 Ga. App. 248 (113 SE2d 403); and *Holbrook v. Capital Automobile Co.*, 111 Ga. App. 601 (142 SE2d 288).

*Judgment affirmed. Frankum and Hall, JJ., concur.*

ARGUED MARCH 3, 1965—DECIDED APRIL 28, 1965.

*George N. Skene,* for plaintiff in error.
*Harris, Russell & Watkins, T. Reese Watkins,* contra.