42781, 42782.  KENNESAW LIFE & ACCIDENT INSURANCE COMPANY v. FLANIGAN (two cases).

SUBMITTED MAY 4, 1967—DECIDED MAY 19, 1967— REHEARING DENIED JUNE 6, 1967—

*Jones & Kemp, Charles M. Jones,* for appellant.

*L. H. Hilton,* for appellees.

JORDAN, Presiding Judge.  Construing the petitions as amended against the pleaders, the amendments as above stated only serve to emphasize the fact, as shown by the original petitions, that whatever representations were made preceded the execution of

an application form, and were used as an inducement to each of the plaintiffs to execute and deliver to the defendant an application or subscription to what each plaintiff believed was an investment program. The petitions are still silent as to any fraud perpetrated by the defendant which prevented either plaintiff from ascertaining the contents of the application form which he or she signed, and also silent as to any difference in what the application form called for and what was actually delivered, as distinguished from what the agent represented each plaintiff would receive upon executing the application, and what was actually delivered. From aught that appears, the plaintiffs received contracts in accordance with their applications. Under these circumstances the petitions show no actionable fraud and thus fail to state a cause of action. See *Skene v. Jones,* 111 Ga. App. 615 (142 SE2d 412).

The plaintiffs rely mainly upon the rules recognized and applied in *Bankers Fidelity Life Ins. Co. v. Morgan,* 104 Ga. App. 894, 897 (123 SE2d 433), and *Coral Gables Corp. v. Hamilton,* 168 Ga. 182 (8) (147 SE 494), and similar cases. In the *Bankers Fidelity* case counsel conceded that former *Code* § 56-519, which imposed a statutory liability, was applicable and controlling, and the case, which involved an insurance investment program similar to that shown in the present case, was decided on the basis of that statute. There appears to be no similar applicable provision under the current insurance law of this State. The general principles recognized and applied under the facts of the *Coral Gables* case do not require an affirmance of the ruling of the lower court in the present cases, in view of the deficiencies in the petitions as noted above. For further discussion of the distinctions between actionable fraud and other misrepresentations, see *Vaughan v. Oxenborg,* 105 Ga. App. 295, 298 (124 SE2d 436); *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417, 420 (138 SE2d 687); *Adamson v. Maddox,* 111 Ga. App. 533, 535 (142 SE2d 313); *Holbrook v. Capital Auto. Co.,* 111 Ga. App. 601 (142 SE2d 288); *Skene v. Jones,* 111 Ga. App. 615, supra; Cohen v. The Pullman Company, 243 F2d 725.

No cause of action being shown, the trial judge erred in overruling the general demurrers to the petitions as amended.

*Judgments reversed. Deen and Quillian, JJ., concur.*