## 45842. PUBLIC SAVINGS LIFE INSURANCE COMPANY v. WILDER.

WHITMAN, Judge. This case arises from a suit on an insurance policy providing for certain hospitalization and surgical benefits. The insurance company defended on the ground, among others, that the application, upon which basis the policy was issued, contained factual misrepresentations which were material to the risk. There was a verdict for the plaintiff in the principal amount claimed, plus an award for penalty and attorney's fees. The appeal is from the judgment on the verdict.

1. We consider first the enumeration that the trial court erred in not granting the defendant's motion for a directed verdict on the ground that the application contained misrepresentations material to the risk; that in view of same the defendant had a right to void the policy and had done so; and, therefore, no verdict for the plaintiff would be authorized.

"Absent a clear and unequivocal limitation on the authority of an agent of an insurance company, and absent fraud and collusion between the agent and the prospective insured, the actual knowledge of the agent of facts amounting to innocent misrepresentations in the application for insurance is imputed to the insurer, and the insurer will be estopped to assert that it would not have issued the policy if it had knowledge of the true facts." *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (2) (174 SE2d 591), cert. den. p. 890.

In the present case it appears from the evidence that there were material misrepresentations written by the soliciting agent on the application for insurance in response to questions propounded by the agent. The plaintiff testified under oath that he met with the insurer's soliciting agent for a question-answer

interview regarding the application for insurance; that the agent asked questions and filled out the entire application which plaintiff then signed without reading, and that during the interview he had given orally truthful answers to all the agent's questions. It further appears that his answers were not those constituting the material misrepresentations contained in the application. The soliciting agent did not testify in the case.

There was no limitation on the authority of the agent in the application. Thus, in view of the *Anderson* rule, the jury would have been authorized to find that the plaintiff did give the required information and that the defendant, through its soliciting agent, knew the true facts when it issued the policy. There was no error in overruling the motion for directed verdict made on the ground of misrepresentation in the application.

2. The defendant also made a motion for directed verdict on the issue of penalty and attorney's fees, contending that there could be no finding of bad faith in the matter.

"Bad faith" as the term is used in § 56-1206 of the Georgia Insurance Code means any frivolous or unfounded refusal to pay a claim. The gross discrepancies which appeared between those facts appearing in the plaintiff's signed application and those which investigation disclosed after the claim was made on the policy gave defendant good reason to take issue with the plaintiff. In our opinion the trial judge should have granted the motion and removed the issue from the case. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Fidelity Bankers Life Ins. Co. v. Renew,* 121 Ga. App. 883, 888 (176 SE2d 103).

3. The *Anderson* case, supra, which we regard as controlling in the present case, turned not on the presence or absence of the applicant's signature on the application or on opportunity to read before signing, but on the principle that *in the absence of any limitation on the agent's authority,* the agent's knowledge is imputed to his principal absent fraud and collusion. In view of the evidence and the controlling issue in the case, the trial court did not err in not charging defendant's requests relating to the general rules that a person who can read must read and, absent any fraud in the procurement of one's signature, he is committed to the contents of the instruments which he signs.

4. When the defendant directed a question to the plaintiff as to what plaintiff's other hospitalization policies provided in the way of benefits, the trial court sustained the plaintiff's objection made on the ground that the policies themselves would be the best evidence of their contents. There was no error in sustaining this objection.

5. The trial court did not err in allowing the plaintiff to testify as to what information he had communicated to the agent during the interview which resulted in the application and issuance of the policy.

6. The appellant having obtained a substantial modification of the judgment against it, the costs of the appeal to this court are taxable against the appellee.

*Judgment affirmed on condition that the penalty for bad faith and attorney's fees be written off; otherwise reversed. Hall, P. J., and Eberhardt, J., concur in separate concurring opinions.*

ARGUED JANUARY 12, 1971—DECIDED MAY 7, 1971.

*Sell, Comer & Popper, Joseph W. Popper, Jr.,* for appellant.

*Adams, O'Neal, Thornton, Hemingway & McKenney, Hardy Gregory, Jr.,* for appellee.

HALL, Presiding Judge, concurring. My personal views on this question are set forth in a dissent in *Chester v. State Farm &c. Ins. Co.,* 121 Ga. App. 599, 601 (174 SE2d 582).

EBERHARDT, Judge, concurring. While I do not personally agree that the absence of a limitation of authority in the application should avoid a binding effect upon the answers made to questions therein by the applicant (see my special concurrence to *Chester v. State Farm &c. Ins. Co.,* 121 Ga. App. 599, 601 (174 SE2d 582), and my concurring opinion in *Lucas v. Continental Cas. Co.,* 120 Ga. App. 457, 460 (170 SE2d 856)), yet, as I see it, we cannot avoid this result in the light of *Metropolitan Life Ins. Co. v. Hale,* 177 Ga. 632 (170 SE 875). Certainly since no artifice or fraud against the applicant to keep him from reading it appears, the failure of applicant to read the application before signing it does not excuse him from knowing what was in it. *National Accident &c. Ins. Co. v. Davis,* 179 Ga. 595 (4) (176 SE 387); *Mutual Benefit*

*Health &c. Assn. v. Marsh,* 62 Ga. App. 425, 433 (8 SE2d 117); *Life & Cas. Ins. Co. v. Davis,* 62 Ga. App. 832, 836 (10 SE2d 129); *Saddler v. Cotton States Life &c. Co.,* 101 Ga. App. 866, 870 (115 SE2d 398); *Kennesaw Life &c. Ins. Co. v. Flanigan,* 115 Ga. App. 818 (156 SE2d 219), and he should be bound by his representations therein which became the basis for the issuance of the policy.

When the application is attached to the policy and thereby becomes a part of the contract, a showing of falsity or of material misrepresentation in the answers made will avoid the policy— whether there is a limitation of the agent's authority in the application or not. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (3, 4) (174 SE2d 570); *National Life &c. Ins. Co. v. Gordon,* 183 Ga. 577 (188 SE 894); *Jefferson Standard Life Ins. Co. v. Henderson,* 37 Ga. App. 704 (141 SE 498). This is true because in suing upon the policy, if the application is a part of the contract, plaintiff must rely upon it; he cannot sift out of the contract those portions which may adversely affect his case, but he must recover upon the contract as a whole. If he must rely upon it, he is of necessity bound by it. *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 808 (147 SE2d 424); *Ericson v. Hill,* 109 Ga. App. 759 (1) (137 SE2d 374); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 311 (138 SE2d 433). "It is an elementary principle of law that one who stands on a contract must abide by its terms. As a matter of course the principle is applicable to insurance contracts as well as to all other contracts." *Mutual Benefit Health &c. Assn. v. Hickman,* 100 Ga. App. 348, 357 (111 SE2d 380).