## 72158. DIXIE CONSTRUCTION PRODUCTS, INC. v. WMH, INC. et al.
### (347 SE2d 303)

BENHAM, Judge.

Appellant Dixie Construction Products, Inc. was insured under two policies issued by appellees Commercial Union Ins. Co. and American Employers' Insurance Company. Appellee WMH, Inc. was the independent insurance agent through which appellant obtained its coverage. On Dec. 26, 1983, appellant's insured buildings and equipment were damaged by severe weather conditions, and it sought compensation for the damage under its insurance policies. After filing its claims and receiving only partial payments under the insurance coverage, appellant sued appellees for failing to meet their contractual obligations, and sought recompense under OCGA § 33-4-6, which states that "[i]n the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25 percent of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the action against the insurer." Appellant later amended its complaint to include an action for trover and trespass to personal property. Appellees moved for summary judgment on all of the claims and the trial court granted the motion. This appeal seeks reversal of that grant of summary judgment. We affirm.

1. Appellant contends that the trial court erred in finding that prior to May 9, 1984, it had made no demand on appellees for payment, and claims that on May 4, 1984, it made the demand required under OCGA § 33-4-6 to validate the suit it filed against appellees on July 9, 1984. Our review of the record shows that when appellant's agent Mr. Brown was deposed, he admitted that he did not submit to appellees the last of the final figures for adjustment of the claim until May 10, 1984, and that at that time he did not inquire how long it would take appellees' agent Sanders to do his final report, but figured that he would need a reasonable amount of time to process the claim information. Brown also testified that he called Sanders on May 21 to see if he had heard anything about the checks, but did not demand that Sanders pay him on that day.

Demand must be made at a time when the insured is legally in a position to demand immediate payment, and it is not in order if the insurer has additional time left under the terms of the insurance policy in which to investigate or adjust the loss and therefore has no legal duty to pay at the time the demand is made. *Buffalo Ins. Co. v. Star Photo &c. Co.*, 120 Ga. App. 697 (1) (a) (172 SE2d 159) (1969).

There is no evidence that appellant was legally in a position to demand immediate payment more than 60 days before it filed suit. Appellant having failed to make the necessary demand more than 60 days before filing suit, it was barred as a matter of law from recovering the bad faith penalty and attorney fees under OCGA § 33-4-6. *Blue Cross & Blue Shield of Ga. v. Merrell*, 170 Ga. App. 86 (316 SE2d 548) (1984).

2. Appellant's second enumeration of error, that the trial court erred in finding that appellant filed its suit less than 60 days from the date of demand, has no merit in light of our analysis in Division 1 of this opinion.

3. Nor do we find any error in the trial court's ruling that appellees did not act in bad faith in delaying the final payment under the insurance policies. Bad faith under § 33-4-6 means frivolous and unfounded denial of liability or refusal to pay a claim. *Public Savings &c. Ins. Co. v. Wilder*, 123 Ga. App. 754 (2) (182 SE2d 536) (1971); *U. S. Fidelity &c. Co. v. Woodward*, 118 Ga. App. 591 (2) (164 SE2d 878) (1968). The record indicates that appellees had never contested the claim or denied liability; had made three interim payments on the claim before appellant had submitted all of its documentation of losses; had paid the balance of the claim in full before the lawsuit was adjudicated, and that appellant cashed the draft, thus accepting the final payment as payment in full.

Under these circumstances the trial court correctly determined that as a matter of law there remained no question of bad faith. See *Morris v. Aetna Life Ins. Co.*, 160 Ga. App. 484 (2) (287 SE2d 388) (1981); *Banister v. Nat. Fire Ins. Co. of Hartford*, 108 Ga. App. 202 (1) (132 SE2d 518) (1963).

4. Appellant's final enumeration of error is that summary judgment should not have been granted against it in the trover and trespass to personal property claims in its amended complaint. The trial court held that there was no evidence that appellees unlawfully withheld money or property belonging to appellant, and that the only injury appellant suffered was as a result of the alleged breach of the insurance contract. There being no duty owed to appellant other than the contractual one, (which, as decided above, was not breached) appellant has no other basis for recovery. See *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363 (203 SE2d 587) (1973).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 7, 1986.

*Robert A. Elsner, Nelson H. Turner*, for appellant.

*J. Anderson Davis, C. King Askew*, for appellee.